O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**
**Dec. 20 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3804 PSG (SSx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | James B. Harris v. James Edgar Burke, II | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order Denying Plaintiffs' Motion for a Rehearing of the Court's Decision Dismissing Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction**

Pending before the Court is Plaintiffs' Motion for a Rehearing of the Court's Decision Dismissing Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court DENIES Plaintiffs' Motion.

I.   Background

On May 20, 2010, Plaintiffs James B. Harris, James B. Harris Prods., Inc., Ian Reynolds, CamJet Inc., Mark Lipsky, Who's On First? Productions, Inc., Thomas H. Somers, Gary M. Erickson, Richard E. Ross, Gary Killiebrew, Juanita Killiebrew, Killiebrew Farms, Inc., Robert O'Byrnes, Willamette Financial Group, Inc., Graham Catt, Glynis Catt, Robert Staskiewicz, Sandy Staskiewicz, and Robert Russell (collectively, "Plaintiffs") filed suit against Defendants James Edgar Burke, II, Imusol Trading, S.A., Central European International Bank, Ltd., John W. Doramus, Lee W. Rand, Lucy F. Burke, and James Edgar Burke, III (collectively, "Defendants"). Plaintiffs claimed that this Court has subject matter jurisdiction over the action

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#28
Dec. 20 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3804 PSG (SSx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | James B. Harris v. James Edgar Burke, II | | |

pursuant to 28 U.S.C. § 1332(a)(2), which provides for subject matter jurisdiction over actions between citizens of a state and citizens or subjects of a foreign state.[1] *See Compl.* ¶ 42.

On June 28, 2010, the Court issued an OSC why the case should not be dismissed for lack of subject matter jurisdiction. In particular, the Court noted two defects in the Complaint and ordered further briefing to address these concerns:

(1) "Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship."

(2) "[T]he jurisdiction averment by plaintiff(s) is patently insufficient under 28 U.S.C. § 1332. Plaintiff(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the complaint is the corporate party's principal place of business. For diversity purposes, a corporation's principal place of business is "the place where [the] corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, No. 08-1107, 2010 WL 605601, at *3 (U.S. Feb. 23, 2010)."

OSC 1-2.

On July 9, 2010, Plaintiffs filed a timely response to the Court's OSC. On August 5, 2010, this Court determined that Plaintiffs' response was incomplete and did not properly allege this Court's subject matter jurisdiction over the case. *See* Dkt. # 20. Leave to amend was granted, and Plaintiffs timely filed a First Amended Complaint on August 18, 2010. The First Amended Complaint did not allay the Court's concerns, however, and the Court dismissed the case on September 9, 2010. *See* Dkt. # 24 (the "Order" or the "September 9 Order"). Plaintiffs now seek reconsideration of the September 9 Order.

II.     Legal Standard

    A.     Federal Rule of Civil Procedure 60(b)

---

[1] As Plaintiffs asserted claims against at least one United States citizen, Defendant Lee W. Rand, subject matter jurisdiction should have been asserted under § 1332(a)(3), rather than § 1332(a)(2). *See* 28 U.S.C. § 1332(a)(3) (providing for original jurisdiction over actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28
Dec. 20 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3804 PSG (SSx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | James B. Harris v. James Edgar Burke, II | | |

Federal Rule of Civil Procedure 60 provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

... or

(6) any other reason that justifies relief.

Fed. R. Civ. Proc. 60(b).

  B. Local Rule 7-18

Local Rule 7-18 provides:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

III. Discussion

  Plaintiffs contend that the Court committed clear error in dismissing the case, and that dismissal was manifestly unjust. *See Mot*. 6:12-14.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28**
**Dec. 20 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3804 PSG (SSx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | James B. Harris v. James Edgar Burke, II | | |

  In response to the Court's OSC, Plaintiffs filed a First Amended Complaint that did not address the Court's request to provide a factual basis for Plaintiffs' various assertions regarding Plaintiff corporations' principal places of business. *See* Dkt. # 24, at 3-4. The Court is permitted, in fact, required to seek additional jurisdictional facts where subject matter jurisdiction is questionable. See *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) ("the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence"). While Plaintiffs in this case did allege facts regarding the nerve centers and principal places of business for the Defendant corporations, Plaintiffs did not do the same for the Plaintiff corporations. *Compare FAC* ¶ 34 ("All Imusol business operations were conducted from offices in New Orleans, Louisiana, which was the corporate 'nerve center' of the company's operations") with *FAC* ¶ 17 ("Plaintiff Cam Jet, Inc. . . . is and has been at all times relevant to this action a corporation duly organized pursuant to the laws of Nevada with its principal place of business in Houston, Texas"). That Plaintiffs did so for Defendant corporations only raised further suspicion as to why they did not for Plaintiff corporations. *See* Dkt. # 24, at 3. Plaintiffs had two opportunities to provide adequate jurisdictional facts in response to the Court's specific request, but were not able to do so. As a result, the Court dismissed the case in the September 9 Order.

  It is true, as Plaintiffs contend, that "the *Hertz* case is very recent law (February 2010) and the 'corporate nerve center' rule articulated in *Hertz*" is still being fleshed out by federal courts "in terms of specific language essential in pleadings." See *Mot*. 6:24-7:1. However, the Court dismissed the First Amended Complaint based on Plaintiffs failure to provide factual support for its allegations in response to the Court's specific request, not on the presence or absence of certain pleading language. See *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1194-96 (2010) ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof."). Despite Plaintiffs' arguments to the contrary, the Court's order dismissing the case was not contrary to law or manifestly unjust as the Court was merely performing its duty to ensure the existence of federal jurisdiction. No other grounds for reconsideration have been established and the Court notes that it dismissed the case without prejudice, meaning that Plaintiffs are free to re-file the case with a sufficiently pleaded complaint.

IV. <u>Conclusion</u>

  Based on the foregoing, the Court DENIES Plaintiffs' Motion for a Rehearing of the

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#28
Dec. 20 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3804 PSG (SSx) | Date | December 15, 2010 |
|---|---|---|---|
| Title | James B. Harris v. James Edgar Burke, II | | |

Court's Decision Dismissing Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction.

**IT IS SO ORDERED.**